IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TANYA C. COLE,

        Plaintiff,

   v.

COMMISSIONER SOCIAL SECURITY ADMINISTRATION,

        Defendant.

No. CV 06-6175-MO

OPINION & ORDER

**MOSMAN, J.,**

    Plaintiff Tanya Cole challenges the Commissioner's decision finding her not disabled and denying her application for Disability Insurance Benefits ("DIB"). I have jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c). For the reasons that follow, the Commissioner's decision is REVERSED and REMANDED FOR FURTHER PROCEEDINGS under sentence four of 42 U.S.C. § 405(g).

    The court reviews the Commissioner's decision to ensure proper legal standards were applied and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). The parties are familiar with the facts of the case and they will not be set out here except as is relevant to the

PAGE 1 - OPINION & ORDER

discussion below. The administrative law judge ("ALJ") rendering the decision here applied the five-step sequential process. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520(a). Ms. Cole argues the ALJ improperly assessed her residual functional capacity ("RFC"), thereby undermining the conclusions at steps four and five of the analysis. Specifically, Ms. Cole asserts the ALJ erred by (1) including an incomplete reaching limitation, and (2) failing to consider the effect of her treatment.

The RFC is an assessment of work-related activities the plaintiff can still perform on a regular and continuing basis, despite limitations imposed by her impairments. 20 C.F.R. § 404.1545(a), Social Security Ruling ("SSR") 96-8p, 1996 WL 374180. In assessing a claimant's RFC, the ALJ must consider "all of the relevant evidence in the case," including medical evidence and evidence of the "effects of treatment . . . (e.g., frequency of treatment, duration, disruption to routine, side effects of medication)." SSR 96-8p, 1996 WL 374184, *5.

A.)    Incomplete Reaching Limitation

The ALJ found Ms. Cole is limited from reaching overhead. Tr.[1] 39. Citing reports from Dr. Andrews and Dr. Moore, both treating physicians, Ms. Cole contends she is limited from reaching in any direction. In a report from 2004, Dr. Andrews stated Ms. Cole could reach "(incl. Overhead)" for 10% of an eight-hour day with her right arm and 2-3% with her left arm. Tr. 334. The ALJ considered this evidence, giving it "a fair amount of consideration," and concluded it only established that Ms. Cole is limited in overhead reaching. Tr. 36. After the ALJ's decision, counsel for Ms. Cole asked Dr. Andrews to clarify his opinion regarding Ms. Cole's ability to reach. Tr. 455-56. Dr. Andrews response, which was made part of the record by the Appeals Counsel, Tr. 11, stated Ms. Cole is limited in "reaching in all directions, not just reaching overhead." Tr. 456.

Under these circumstances, a remand directing the ALJ to consider new evidence is

---

[1]"Tr." refers to the "Transcript of Social Security Administrative Record."

appropriate where the new evidence is material. *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001). Evidence is material if it "bear[s] directly and substantially on the matter in dispute." *Id.* (internal quotation marks and citation omitted). The claimant must demonstrate "there is a 'reasonable possibility' that the new evidence would have changed the outcome." *Id.* Here, I find Dr. Andrews' clarification is material. The ALJ does not explain why she construed his opinion as limited to overhead reaching, and Ms. Cole suggests the ALJ simply misunderstood his opinion. Thus, with Dr. Andrews' clarification, it is possible the ALJ may change her assessment of this evidence.

Ms. Cole also relies on an after-submitted report from Dr. Moore incorporated into the record by the Appeals Counsel stating Ms. Cole is only able to "reach[] in all directions" about 10% of the time. Tr. 458. I find defendant's argument as to why this evidence should not be considered unpersuasive. *See* Def.'s Br. at 9. Thus, in light of my conclusion above, the ALJ is also directed to consider this evidence on remand.

B.)    Effect of Treatment

Ms. Cole makes two arguments on this point. First, she contends the ALJ erred in failing to credit evidence establishing she would miss work four or more days per month due to her impairments and treatment needs. Only two sources, Dr. Hegewald and Dr. Moore, stated Ms. Cole would miss work four or more days per month.[2] The ALJ gave Dr. Hegewald's opinion "scant weight," finding it unsupported by the medical record. Tr. at 37. Ms. Cole does not challenge this conclusion; instead, she simply argues the ALJ should have included Dr. Hegewald's absence-from-work limitation in the RFC assessment. This argument is not well taken because it is clear that the absence limitation is based on Dr. Hegewald's larger opinion. Tr. at 362-65. In any event, I find the ALJ gave specific and legitimate reasons for rejecting this

---

[2]Ms. Cole identifies three sources in support of her absence-from-work limitation. Pl.'s Op. Br. at 19, 27. However, the report from Dr. Andrews specifically states he does not know whether Ms. Cole's limitations will cause her to be absent from work. Tr. at 334.

PAGE 3 - OPINION & ORDER

evidence. *Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir 2001).

Regarding Dr. Moore, the specific opinion Ms. Cole cites was submitted after the ALJ's decision, as previously discussed. Given that the ALJ is already directed to consider this evidence on a different issue, the ALJ may also consider it in relation to Ms. Cole's absences from work.

Second, Ms Cole argues the ALJ erred by failing to consider her medication side-effects in assessing her RFC. There is evidence in the record suggesting Ms. Cole suffers side effects from her medications, including lack of concentration. *See* Tr. 90, 103, 112, 118, 325, 457-58; *but see* Tr. 331-32. Though the ALJ addressed some of this evidence in relation to other issues, the ALJ did not directly address medication side-effects. Under SSR 96-8p, this omission was error, and the ALJ is also directed to address this issue on remand.

For the foregoing reasons, the Commissioner's decision is REVERSED and REMANDED FOR FURTHER PROCEEDINGS under sentence four of 42 U.S.C. § 405(g) consistent with this opinion.

IT IS SO ORDERED.

DATED this  18th  day of June, 2007.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
U.S. District Court Judge